UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

WISCONSIN ELECTRICAL EMPLOYEES
HEALTH AND WELFARE PLAN,
ELECTRICAL WORKERS LOCAL UNION
159 RETIREMENT PLAN, MADISON
ELECTRICAL WORKERS JOINT
APPRENTICESHIP AND TRAINING
TRUST FUND, WISCONSIN NECA/IBEW
JOINT APPRENTICESHIP AND TRAINING
TRUST AGREEMENT, IBEW LOCAL I59
WORKING DUES FUND, and DARREN
JOHNSON and CHRIS GULBRANDSON, in
their capacities as Fund Trustees,

Case No. 25-cv-399

Plaintiffs,

v.

KLM ELECTRIC LLC,

Defendant.

# COMPLAINT

In support of their claims against Defendant KLM Electric LLC ("KLM"), Plaintiffs Wisconsin Electrical Employees Health and Welfare Plan, Electrical Workers Local Union 159 Retirement Plan, Madison Electrical Workers Joint Apprenticeship and Training Trust Fund, Wisconsin NECA/IBEW Joint Apprenticeship and Training Trust Agreement, and IBEW Local 159 Working Dues Fund (hereinafter referred to as "Funds"), and Darren Johnson and Chris Gulbrandson, in their capacities as Fund Trustees, allege the following:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), in

53875916v4

that this is an action by an ERISA benefits plan fiduciary to redress Defendant's violations of the terms of the Fund's trust agreements and ERISA Section 515 (29 U.S.C. § 1145).

2. Venue is proper in this Court under Section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)), because the Funds are administered in this district.

## THE PARTIES

3. The Funds are ERISA benefit plans/funds and bring this action on behalf of the Trustees, participants and beneficiaries of the Funds.

4. The Funds maintain offices at 2730 Dairy Drive, Suite 101, Madison, WI 53718.

5. Darren Johnson and Chris Gulbrandson are Trustees of one or more of the Funds and each is a "fiduciary" within the meaning of Section 3(21) of ERISA (29 U.S.C. § 1002(21)) and as such have standing to be Plaintiffs in this action and to seek remedies demanded.

6. Upon information and belief, KLM is a Kentucky limited liability company with a principal place of business at 220 South Hord Street, Suite B, Grayson, Kentucky 41143.

7. KLM is a participating employer in the Funds.

## FACTUAL BACKGROUND

8. KLM is a party to a collective bargaining agreement ("CBA"), identified as the Inside Labor Agreement, between Local Union No. 159 of the International Brotherhood of Electrical Workers (the "IBEW Local No. 159") and the Madison Division, Wisconsin Chapter, N.E.C.A, Inc. (the "CBA"). True and correct copies of the CBA in effect during the timeframe at issue in this case are attached as **Exhibit A**.

9.  As a party to the CBA, KLM agreed to participate in the Funds by making appropriate contributions for covered work performed by its employees.

10. KLM also entered into a Letter of Assent (the "Letter of Assent") signed by Kevin W. Mullins as Owner of KLM on August 12, 2024. A true and correct copy of the Letter of Assent is attached hereto as **Exhibit B**.

11. By entering into the Letter of Assent, KLM adopted and assented to all the terms and provisions of the Funds' trust agreements, including all rules and regulations adopted by the Fund's Trustees, to make contributions as required by the CBA, and to report to the Fund all hours of covered work by each its employees.

12. The Funds have adopted a Delinquency Collection Policy and Procedure (the "Procedure") which is attached as **Exhibit C**. The Procedure empowers the Fund under the circumstances of this case to collect, in addition to delinquent contributions, interest, liquidated damages, and costs of collection, including reasonable attorneys' fees.

13. ERISA Section 502(g)(2) (29 U.S.C. § 1132(g)(2)) also provides that in an action to collect delinquent contributions in which the fund prevails, the Court shall award, in addition to the delinquent contributions, interest, liquidated damages, and the costs of collection, including reasonable attorneys' fees.

14. KLM has violated the Funds' trust agreements and ERISA Section 515. Specifically, KLM has not paid the full amounts of contributions to the Funds owed for the period of August 2024 to January 2025 and has not submitted payroll or other contribution reporting during that period. Over the period of August 2024 to January 2025, KLM failed to pay $21,155.35 in contributions. Interest and liquidated damages also continue to accrue on the amount of outstanding contributions per the Procedure and ERISA Section 502(g)(2) (29 U.S.C. § 1132(g)(2)).

15. The Funds issued notices to KLM requesting payment for the shortages of contributions in letters sent on December 2, 2024 (for amounts owed for August 2024 and September 2024), January 21, 2025 (for amounts owed for October 2024), January 31, 2025 (for amounts owed for October 2024), and March 27, 2025 (for amounts owed for November 2024 and January 2025). True and correct copies of the notices sent to KLM are attached hereto as **Exhibit D**.

**COUNT I:
VIOLATION OF ERISA SECTION 515**

16. The Funds incorporate by reference the preceding allegations.

17. KLM agreed to make contributions to the Fund as required under the terms of the Funds' trust agreements.

18. KLM has not made contributions as required.

19. The Funds have notified KLM of its delinquency and demanded that KLM submit payroll records and appropriate contributions.

20. KLM has ignored the Funds' efforts to obtain the contributions owed.

21. As a result, KLM is liable to the Funds for violation of ERISA Section 515 (29 U.S.C. § 1145), and the Funds are entitled to damages as set forth in ERISA Section 502(g)(2) (29 U.S.C. § 1132(g)(2)) as well as appropriate equitable relief, including, if necessary, a compelled audit to determine the sufficiency of KLM's contributions.

**COUNT II:
BREACH OF TRUST AGREEMENT**

22. The Funds incorporate by reference the preceding allegations.

23. KLM agreed to make contributions to the Funds as required under the terms of the Funds' trust agreements.

24. KLM has not made contributions as required.

25. The Funds have notified KLM of its delinquency and demanded that KLM submit payroll records and appropriate contributions.

26. KLM has ignored the Funds' efforts to obtain the contributions owed.

27. Pursuant to the Procedure adopted by the Funds' trustees according to their powers under the trust agreements, the Funds may recover from KLM:

   (a) The amount of the unpaid contributions;

   (b) Liquidated damages as described in the Procedure; and

   (c) Interest on the unpaid contributions as described in the Procedure; and

   (d) All costs of recovery, including, but not limited to, attorneys' fees and costs of the action.

28. KLM also agreed to allow the Fund to audit its payroll records.

29. The Fund is entitled to specific performance in the form of a Court-ordered audit and to damages for any fees incurred in conducting such audit.

WHEREFORE, the Fund demands the following relief:

A. An Order for a Money Judgment in favor of the Funds and Against Defendant in the amount of:

   i. All unpaid contributions, including those which become due during the pendency of this lawsuit;

   ii. All interest and liquidated damages owed on those contributions;

   iii. Any payroll audit costs; and

   iv. The reasonable attorneys' fees and actual costs the Fund incurs to collect Defendant's delinquent contributions;

B. An Order that KLM comply with a payroll audit for the period of August 2024 to present;

C. That the Court retain jurisdiction pending compliance with its orders; and

D. For such other, further or different relief as the Court deems just and proper.

Dated this 15th day of May, 2025.

                                              s/ Jori P. LaRosa
Philip R. O'Brien
WI State Bar ID No. 1015549
pobrien@reinhartlaw.com
Daniel G. Murphy
WI State Bar ID No. 1097740
dmurphy@reinhartlaw.com
Jori P. LaRosa
WI State Bar ID No. 1126882
jlarosa@reinhartlaw.com

Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone: 414-298-1000
Facsimile: 414-298-8097

*Attorneys for Plaintiffs*